IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

RODNEY THOMAS HYSMITH,      \*

    Plaintiff,      \*

    v.      \*      2:11-CV-498-TMH
    (WO)

LT. CHRIS MILES, *et al.*,      \*

    Defendants.      \*

_____

**ORDER**

Plaintiff is an inmate incarcerated at the Elmore County Jail located in Wetumpka, Alabama. He files the instant *pro se* 42 U.S.C. § 1983 action which is now before the court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B). A thorough review of this complaint indicates that although Plaintiff lists four defendants to this cause of action, the complaint consists merely of general conclusions of constitutional violations and fails to identify factual allegations material to specific counts lodged against the named defendants with respect to any violations of Plaintiff's constitutional rights. Moreover, the complaint appears to allege claims that occurred at different times and places and also contains claims that are not related to each other. That is, this action contains claim based on a dispute over unrelated arrests of Plaintiff by various law enforcement officers, the sufficiency of evidence used to indict Plaintiff on drug charges, deliberate indifference to Plaintiff's safety during a police transport, a failure to protect Plaintiff in the jail, a denial of medical care, a failure to release

Plaintiff on bond, and unconstitutional conditions of confinement.  Plaintiff files this action against Lieutenant Chris  Miles, George McCain, the Tallassee Police Department, and E. Smith.

"This type of pleading completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts, *see Anderson v. Dist. Bd. of Tr.*, 77 F.3d 364-366-67 (11th Cir. 1996), and is the type of complaint that [has been] criticized time and again." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Accordingly, the court deems it appropriate to require Plaintiff to amend his complaint to re-plead a complaint that respects the requirements of Rule 8, F.R.Civ.P.,  and the heightened pleading requirement for such cases as well as to correct the deficiencies noted herein.

Accordingly, it is ORDERED that on or before **July 8, 2011**  Plaintiff shall:

1.  File an amended complaint on a form for use in filing a 42 U.S.C. § 1983 complaint.  *See* Local Rule 9.1 (requiring *pro se* litigants to utilize court's forms).  ***The amended complaint filed in compliance with this order shall  supersede the original complaint.***  This means that Plaintiff shall no longer rely on the original complaint and this case will proceed only on those claims raised and against those defendants named in the amended complaint filed in accordance with the order.   That being said, the claims in the complaint form should be less numerous than those contained in the original complaint due to the following pleading requirements.  ***It is necessary for Plaintiff to file a separate complaint for each claim unless the claims are related to the same incident or issue***.  Thus,

for each different claim, Plaintiff must file a separate complaint and pay the $350.00 filing fee or, in lieu thereof, file a motion to proceed without prepayment of fees and costs. Plaintiff must, therefore, decide on which claim he will proceed in this action;

2. File an amended complaint which contains one claim and any claims that can be shown closely related to it, *i.e.*, arising out of the same incident or facts;

3. Specifically identify the individual(s) Plaintiff seeks to name as a defendant(s);

4. Identify specific claims relative to **actions taken against Plaintiff** by the named defendant(s) and list these claims in separate counts. Plaintiff must state what that individual defendant did or failed to do and what he or she knew.

Plaintiff's amended complaint should comply with F.R.Civ.P. 8(a) which requires that a plaintiff plead "'a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim' is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 47(1957); *see Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (finding vague and conclusory claims are subject to dismissal).

Plaintiff is advised that his failure to file a complaint within the prescribed time and in accordance with the directives contained in this order will result in a Recommendation that this case be dismissed for failure to prosecute and to obey the court's order. Furthermore, the failure to plead a complaint that complies with F.R.Civ.P. 8(a), that is, a complaint that provides fair notice to the court and a defendant of the claim against the defendant, after

being required to re-plead a complaint, will result in a Recommendation that the complaint be dismissed under F.R.Civ.P. 41(b) for failure to comply with the court's order. *Pelletier v. Zweifel*, 921 F.2d 1465, 1522 n.103 (11th Cir. 1991).

The Clerk is DIRECTED to send Plaintiff a form for use in filing a complaint under 42 U.S.C. § 1983 to assist him in complying with the directives contained herein.

Done, this 24th day of June 2011.

　　　　　　　　　　　　　　　　  /s/ Charles S. Coody　　　　　　　
　　　　　　　　　　　　　　　　CHARLES S. COODY
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE